1

2

3

4

5

6      UNITED STATES DISTRICT COURT

7      EASTERN DISTRICT OF CALIFORNIA

8

DONNY Y. EARP,                          CASE NO. 1:11-cv-0196-MJS (PC)

9
                   Plaintiff,            ORDER GRANTING MOTION FOR
10                                        SUMMARY JUDGMENT
        v.
11                                        (ECF No. 22)

12     COUNTY OF TULARE, et al.,          CLERK OF COURT IS DIRECTED TO
                                          ENTER JUDGMENT AND CLOSE ACTION
13                 Defendants.
       _____/
14

15

16
              Plaintiff Donny Y. Earp, a former detainee at the Tulare County Jail[1] ("Jail"), filed this
17
       civil rights action on February 3, 2011 pursuant to 42 U.S.C. § 1983.  In it he claims a
18
       denial of medical care in deliberate indifference to his serious medical needs in violation
19
       of the Eighth Amendment. He names County of Tulare and its employee Physician's
20
       Assistant Henry as Defendants. (ECF No. 1.)
21
              Defendant County of Tulare filed its Answer on April 25, 2011 (ECF No. 6),
22
       Defendant Henry answered on June 30, 2011. (ECF No. 11.)
23
              The parties have consented to Magistrate Judge jurisdiction for all purposes. (ECF
24
       No. 10.)
25
              Now before the Court is Defendants' Motion for Summary Judgment/Adjudication
26
       filed pursuant to Federal Rules of Civil Procedure, Rule 56. (ECF No. 22.)
27

28     _____

              [1] Known as the Bob Wiley Detention Facility.

                                               -1-

Plaintiff's opposition documents were filed on February 24, 2012 (ECF Nos. 31-37.) Defendants' Reply documents and Objections were filed on March 9, 2012. (ECF Nos. 41-43.)

The parties appeared through their attorneys and argued their respective positions before the undesigned on March 23, 2012.

**I.   FACTS**

The facts, viewed in the light most favorable to Plaintiff, are as follows:

On December 11, 2009, Plaintiff underwent surgical pin fixation of a broken right hand and placement of the hand in a hard cast. (Plaintiff's Statement of Disputed & Undisputed Facts, Facts 4-5, ECF 32.)

On January 6, 2010 Plaintiff was arrested. (Id. Fact 7.) While detained he complained of generalized weakness. (Id.) He was evaluated at the Kaweah Delta District Hospital Emergency Department and cleared for booking into the Jail on January 7, 2010. (Id.)

He visited the Jail infirmary on January 7th, and again on January 8th, 12th, 15th, 19th and 20th, receiving treatment for diabetes and a cold, and pain medication for his right hand. (Id. Facts 9-17.)

During the January 20th visit, Plaintiff was given additional pain medication. (Id. Fact 19.)

By January 23rd Plaintiff's right hand was red, swollen, and warm, and he was given antibiotics for the first time. (Id. Facts 21-24.)

He visited the Jail infirmary again on January 25th and was given additional antibiotics. (Id. Facts 25-27, 47.)

On January 27th he awoke to find his right hand numb and painful. He was transported to the Kaweah Delta Hospital Emergency Department where the pins and cast were removed; he then remained in the hospital for antibiotic therapy until March 10, 2010 when he was released back to the Jail. (Id. Facts 27-28, 38.)

**II.   LEGAL STANDARDS**

**A.    Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985), overruled on other grounds 490 U.S. 228 (1989).

The parties bear the burden of supporting their motions and oppositions with the papers they wish the court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. Id.

### B.    Eighth Amendment—Inadequate Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060); see Farmer v. Brennan, 511 U.S. 825, 837–42 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin, 974 F.2d at 1060). Where the claim involves a delay in the receipt of treatment or care, the claim is not cognizable unless the delay led to further harm. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985)).

Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002); Frost v. Agnos, 152 F.3d

1124, 1128 (9th Cir. 1998). The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Gibson, 290 F.3d at 1187. The law applicable to Plaintiff's claim is the same regardless of his custody status.

## III.   **ANALYSIS**

In essence, Plaintiff claims that while detained, he made numerous requests for medical attention for his right hand and Defendants displayed  deliberate  indifference to this serious medical condition.  He asserts that Defendants denied him appropriate care from January 7 until January 27, 2010, when he finally was taken to Kaweah Delta District Hospital for proper treatment. (Compl., p. 1-2, ECF No. 1.) By then his hand had become severally infected. (Id.) He was required to undergo hospitalization and six weeks of antibiotic treatment for the infection. (Id. at 4; Plaintiff's Statement of Undisputed and Disputed Facts, Facts 36-38.)

It is undisputed that Plaintiff's post-surgical right hand, pinned and in a hard cast, constituted a serious medical need. (Plaintiff's Statement of Undisputed and Disputed Facts, Facts 4-6, 9, 11, 12.) Thus, the first prerequisite of a deliberate indifference claim has been satisfied.

Plaintiff, however has not submitted competent evidence that could satisfy the second requirement, i.e. that Defendants were aware of his medical need and acted with deliberate indifference so as to cause him injury.  Defendant's unrebutted evidence establishes just the opposite.

Defendants maintain that they have presented competent evidence showing they at all times met the standard of care, but  that even if the contrary were true, their evidence rules out deliberate indifference and shows that no act or omission caused Plaintiff injury. Defendants offer the sworn declarations of two qualified medical doctors opining (1) that applicable standards of care were at all time met (Defendants' Separate Statement of Undisputed Facts, Facts 39, 41, 42-56), and regardless (2) with a reasonable degree of

1  medical certainty that acts and omissions attributed to Defendant's did not cause injury to

2  Plaintiff (Id. Facts 57-71).

3       Plaintiff counters with the declaration of a registered nurse disputing (1) compliance

4  with the standard of care (Plaintiff's Statement of Disputed and Undisputed Facts, Facts

5  39, 41-46, 48, 50-52, 54, 55), including whether the first objective signs of infection

6  presented on January 23, 2010 (Id. Facts 43, 51), and (2) whether Defendants' caused

7  injury to Plaintiff (Id. Facts 57, 58, 63.)

8       Plaintiff does provide evidence creating a genuine issue of material fact as to

9  whether Defendants fell below the standard of care for similarly situated medical

10 practioners. (Id. Facts 39-43, 45-46, 48, 50-52, 54-55.) However, Plaintiff presents no

11 evidence, opinion or otherwise, to suggest that Defendants alleged negligent acts reflected

12 gross negligence or deliberate indifference to Plaintiff's medical needs. (Id. Facts 39-43,

13 45-46, 48, 50-52, 54-55, 57, 58, 63.)

14       Equally, if not more significantly, is Plaintiff's failure to offer competent evidence that

15 any act or omission by Defendants caused him any injury. Plaintiff's sole retained medical

16 expert, registered nurse Mary Dromi, is not competent to opine on the medical causation

17 issues raised in this case. (See Declr. of Mary Dromi, pp. 5-7, ECF No. 33.)[2] She does not

18 support her claim of scientific, technical or other specialized knowledge in the areas of

19 orthopedic injuries and infectious disease causation. This Court agrees with the reasoning

20 in the line of cases which rejects opinion evidence from a registered nurse, rather than a

21 qualified physician, on such issues.  (Fed. Rules of Evi. Rule 702; Fed. R. Civ. P. Rule

22 56c)(4); Gayton V. McCoy 593 F.3d 610, 616 (7th Cir. 2010); see Vaughn v. Mississippi

23 Baptist Medical Center 20 So.3d 645, 652 (Miss. 2009) ("nurses cannot testify as to

24 medical causation."); see also Elswick v. Nichols, 144 F.Supp.2d 758, 767 (E.D.Ky. 2001)

25 (nursing expert cannot testify as to how plaintiff received infection because it was "outside

26 [her] area of expertise"); see also Long v. Methodist Hosp. of Indiana, Inc., 699 N.E.2d

27

28       [2] Declarations or affidavits submitted in conjunction with a summary judgment motion must be
made on personal knowledge; set forth facts that would be admissible in evidence; and show the affiant is
competent to testify to the matters stated. (FRCP 56(c)(4)).

1164, 1169 (Ind.Ct.App. 1998) ("[W]e now hold that nurses are not qualified to offer expert testimony as to the medical cause of injuries.").

There is no competent evidence from Plaintiff to refute competent evidence from Defendants' experts to the effect that no act or omissions of Defendants caused or worsened Plaintiff's infection or caused other injury to Plaintiff. See Cooper v. U.S., 903 F.Supp. 953, 958 (D.S.C. 1995) (in a case in which plaintiff must produce expert's opinion at trial in order to prevail and defendant produces expert in its favor on motion for summary judgment and plaintiff fails to prove contrary expert in opposition to that motion, there is no genuine issue to be tried by jury); see also Cooper v. McAlpine 2010 WL 760703 *7 (E.D.Cal. March 4, 2010) (citing Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008)) (in addition to demonstrating deliberate indifference, in a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury); see also Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188–1189 (11th Cir.1994) (holding "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."). The medical evidence before the Court fails to show that the Plaintiff suffered any significant injury caused by a delay in treatment. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) (holding plaintiff's conclusory allegations insufficient to maintain claim).

It is also noted, as held in Estelle, 429 U.S. at 107, a complaint that medical personnel have been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Here the Plaintiff has shown at most a failure to meet the standard of care, not deliberate indifference causing him injury. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. Mistakes of medical judgment are not subject to judicial review in a § 1983 action. Russell

1   v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

2       "There is no genuine issue of material fact on motion for summary judgment if

3   opposing party fails to offer evidence sufficient to establish existence of element essential

4   to that party's case." Naliielua v. State of Hawaii, D.Hawai'i, 795 F.Supp. 1015, 1017

5   (D.Hawaii 1991) (citing Celotex Corp., 477 U.S. at 322).  While causation is normally a

6   question of fact for the jury, it becomes an issue of law where under the undisputed facts

7   reasonable minds could not differ on the outcome. Iolab Corp. V. Seaboard Sur. Co. 15

8   F.3d 1500, 1506, fn.4, (9th Cir. 1994.) That is the case here, where Plaintiff has no

9   competent evidence of deliberate indifference or causation.

10      Here, the Defendants have carried their burden of demonstrating to the Court that

11  there is no genuine issue of material fact on the issue of deliberate indifference and injury

12  causation. Plaintiff has failed to demonstrate a genuine issue of material facts as to this

13  element of his § 1983 claim for deliberate indifference. On such a claim Plaintiff bears the

14  burden at trial. Therefore, no viable § 1983 claim has been presented and summary

15  judgment is appropriate on this claim.

16  **IV.   CONCLUSIONS AND ORDER**

17      Based on the foregoing, it is HEREBY ORDERED that

18  1.   Defendants' motion for summary judgment, filed February 1, 2012, is
         GRANTED in full;

19

20  2.   The Clerk of Court is directed to enter judgment in favor of Defendants and

21       against Plaintiff; and

22  3.   The Clerk of Court is directed to close this action.

23

24

25  IT IS SO ORDERED.

26  Dated:   March 28, 2012          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

27

28